UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLLINS SYLVESTER WILLIAMS Jr.,<br><br>                    Plaintiff,<br><br>     v.<br><br>THURSTON COUNTY,<br><br>                    Defendant. | No. C14-5544RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>October 3, 2014 |

Before the undersigned for review is Mr. Williams' amended complaint filed on August 19, 2014. Dkt. 10, and his attempt to file an amendment to the amended complaint on August 26, 2014. Dkt. 12. This is one of six actions filed by Mr. Williams over a three week time frame. Plaintiff's actions are:

1.  14-5500 RBL/JRC.
2.  14-5544RBL/KLS
3.  14-5545BHS/JRC
4.  14-5564RJB/KLS
5.  14-5565BHS/JRC
6.  14-5566 RBL/KLS

REPORT AND RECOMMENDATION - 1

Mr. Williams obtained *in forma pauperis* status and the undersigned ordered him to file an amended complaint because the original complaint failed to state a claim against any named defendant and was repetitious of his other filings. Dkt. 9. The undersigned has reviewed the amended complaint. Dkt. 10. Mr. Williams attempt to amend his amended complaint (Dkt. 12) is not properly before the Court because plaintiff did not file a motion to amend as required by Fed. R. Civ. P. 15(a)(2). Further, Mr. Williams did not note his attempt to amend his amended complaint on the motion calendar. The undersigned will not address Dkt. 12 further.

The undersigned reviews plaintiff's amended complaint at the screening stage pursuant to 28 U.S.C. § 1915A. As explained below, the undersigned recommends dismissing this action as frivolous, malicious and for failure to state a claim. This dismissal would count as a strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff, Collins Sylvester Williams Jr., is incarcerated in the Thurston County Jail. In his amended complaint, Mr. Williams names Thurston County as the sole defendant. As in prior actions, Mr. Williams alleges that he was held for 120 days before the charges against him were dismissed and he accuses his criminal defense counsel of agreeing to continuances against his wishes. Dkt. 10, p. 4. Mr. Williams seeks damages for false imprisonment, denial of his right to speedy trial, emotional injury, and for medical bills. Dkt. 10, pp. 5.

Plaintiff's action is duplicative of the complaints he filed in 14-5545BHS/JRC, and 14-5564RJB/KLS. In each of these actions he named the deputy prosecuting attorney, Cailen Wevodau, criminal defense counsel, James Shakelton, and a subdivision of Thurston County. In each of these actions he seeks reimbursement for the 120 days he spent incarcerated prior to his criminal charges being dismissed. In some actions he seeks reinstatement of his social security

REPORT AND RECOMMENDATION - 2

benefits while in others he seeks damages for not being released from the jail to attend proceedings in a child custody action.

The Court gave Mr. Williams an opportunity in this case to file an amended complaint and cure defects in his pleadings if possible. The amended complaint again contains defects that prevent service. Dkt. 10. The undersigned finds that Mr. Williams complaint fails to state a claim for relief under 42 U.S.C. § 1983. The complaint names only Thurston County a defendant. Plaintiff does not allege that a policy or custom of Thurston County caused his alleged injuries.

## DISCUSSION

The Prison Litigation Reform Act changed the processing of prisoner pro se complaints in a number of ways, one of which applies here. Courts now review complaints to determine if the complaint is frivolous, fails to state a claim, or seeks relief from a defendant who is immune from monetary suit. *See*, 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In a Civil Rights Action, a plaintiff must show that (1) defendants are persons acting under color of state law and (2) defendants deprived the plaintiff of rights secured by the Constitution or federal statutes. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A pleading that states a claim for relief must contain a short and plain statement showing that plaintiff is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). Generally, a federal court will hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this rule "applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and the "liberal interpretation of a civil rights complaint may not

REPORT AND RECOMMENDATION - 3

supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Even under this relaxed standard, the amended complaint fails to state a claim.

Thurston County is a municipality defendant.  In order to set forth a claim against a municipality under 42 U.S.C.§ 1983, a plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.  *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978).  A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'"  *City of  Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee.  *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989).  Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is

REPORT AND RECOMMENDATION - 4

not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff does not allege that any policy or custom of Thurston County is at issue in the amended complaint. Dkt. 10. Instead he reiterates his allegations about his defense counsel and about the cost of being incarcerated for 120 days prior to criminal charges against him being dropped. *Id*. The undersigned gave plaintiff an opportunity to cure defects in his original filing and the proposed amended complaint again contains defects that prevent service of the document.

Frivolous *in forma pauperis* complaints may be dismissed before service of process pursuant to 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Id*. at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). The undersigned has given plaintiff an opportunity to amend his pleading and the amended complaint again fails to state a claim.

Plaintiff is abusing the system by filing multiple overlapping actions within a short time frame. On July 8, 2014, Plaintiff filed 14-5545 BHS/JRC and this action 14-5544 RBL/KLS. Defendants are overlapping in the cases filed on July 8, 2014. In 14-5544 RBL/KLS Plaintiff named Thurston County, the Thurston County Courts, prosecuting attorney Cailen Wevodau, and his criminal defense counsel, James Shakelton and he seeks damages for denial of his right to speedy trial and for false imprisonment in this case. *See* 14-5544 RBL/KLS Dkt. 8. He named the same Defendants in 14-5545 BHS/JRC and he seeks reimbursement for lost social security, damages for not being allowed to attend a civil child custody hearing, and damages for his arrest. *See* 14-5545 BHS/JRC Dkt. 1.

REPORT AND RECOMMENDATION - 5

On July 15, 2014, Plaintiff filed, 14-5564RJB/KLS, which is duplicative of the actions plaintiff filed on July 8, 2014. Plaintiff names the same Defendants, Cailen Wevodau, and his criminal defense counsel, James Shakelton along with the Thurston County Jail. Plaintiff again seeks damages for the lost social security benefits, for his defense counsel agreeing to a continuance, for not being allowed to attend a child custody hearing in family court, and for false imprisonment.

The undersigned finds that Plaintiff's filings are malicious. The standard for dismissal as "malicious" has not been well defined by case law but some guidance exists. In *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch*, 67 F.3d at 1085–87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973).

Other courts have found the term "malicious" means irresponsible or harassing litigation. *Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975). The Pennsylvania District Court Stated:

> The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the in forma pauperis statute.

*Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975).

REPORT AND RECOMMENDATION - 6

Plaintiff is attempting to proceed with multiple actions litigating the same conduct. He repeatedly names defendants who either have absolute immunity or do not act under color of state law and he names Thurston County as a defendant without providing any legal bases for imposing municipal liability. Plaintiff's actions constitute irresponsible litigation which should not be encouraged or subsidized by the generosity of the *in forma pauperis* statute. Accordingly, the undersigned recommends revoking *in forma pauperis* status for the purpose of appeal in this action. Further, the undersigned s recommends that this action be dismissed as frivolous, malicious, and for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915(g).

## WRITTEN OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 3, 2014**, as noted in the caption.

**DATED** this 8th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7